RENDERED: SEPTEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1153-MR

PHILIP MUNCY                                               APPELLANT

v.                        APPEAL FROM LESLIE CIRCUIT COURT
HONORABLE OSCAR G. HOUSE, JUDGE
ACTION NO. 10-CI-00076

ROSCOE EVERSOLE AND CATHY
EVERSOLE                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: This case involves a dispute over the purchase of real property.

Philip Muncy, the Appellant, appeals a judgment of the Leslie Circuit Court

entered in favor of Roscoe and Cathy Eversole, the Appellees, on August 20, 2020.

The circuit court determined that the Eversoles were *bona fide* purchasers for value

(BFP's) of certain tracts of real property without notice of any alleged defect in

title to any part thereof. Consequently, the court concluded that the Eversoles' title

to the disputed tract is superior to the claim asserted by Muncy.  After our review, we affirm.

The Eversoles were successful bidders at a judicial sale of real property located in Leslie County.  The sale was conducted on January 30, 2004, after which date the court's master commissioner submitted his report of sale.  No exceptions were filed.  The sale was confirmed by the court on April 7, 2004, and the Eversoles' deed to the property was duly executed.  However, before their deed was recorded, Muncy recorded a deed to a tract included in the master commissioner's deed to the Eversoles.

On March 24, 2010, the Eversoles filed a petition for declaration of rights.  They sought a declaration that they were the owners in fee simple of the disputed tract.  They requested that Muncy's recorded deed be declared null and void.  On July 26, 2010, Muncy filed an unverified answer to the petition.  He denied that the Eversoles were the lawful owners of the disputed tract.

By order entered on September 8, 2010, the circuit court granted the parties' joint motion for a bench trial.  However, on March 5, 2011, the trial date was cancelled because the parties agreed that the matter could be decided on their briefs.  A briefing schedule was established by agreed order entered on May 25, 2012.

The Eversoles' brief was filed with the court on September 5, 2012. They contended that they were *bona fide* purchasers for value of the disputed tract without notice of Muncy's claim to the property. They argued that Muncy had been on constructive notice of the commissioner's sale of the disputed tract as early as 2003 -- prior to the sale -- and that he had failed to record the instrument in his possession or to dispute the sale. Additionally, they claimed that the purported deed to Muncy was invalid for lack of consideration.

By order entered on November 19, 2012, Muncy was given until December 7, 2012, to file his brief. On March 13, 2013, the Eversoles filed a motion requesting that the court take the matter under submission. The Eversoles explained that the court's deadline for Muncy's brief had been extended twice and yet no brief had ever been filed. The Eversoles requested a ruling on the merits.

On February 21, 2019, the Eversoles filed another motion for ruling. On August 20, 2020, the judgment of the Leslie Circuit Court was entered. The circuit court found that there was no evidence to show that the Eversoles had either actual or constructive notice of Muncy's claim to the disputed property before they purchased the property. Consequently, it concluded that the Eversoles were *bona fide* purchasers for value without notice and that their interest in the deeded property was superior to Muncy's alleged interest. Acting *pro se*, Muncy filed this timely appeal.

On appeal, Muncy argues that his interest in the property should be declared superior because his deed to the disputed tract was recorded before the Eversoles' deed. Muncy explains that he had no actual notice of the commissioner's sale of the property that he claims to have owned since 1996. He suggests that a warning order attorney should have been appointed so that he could have been contacted about the impending judicial sale. Finally, he argues that his deed to the disputed property was adequately supported by consideration.

Under our jurisprudence, deeds to real property are to be recorded in the public record.

> Where an owner fails to record his deed, there is a presumption that a subsequent purchaser who buys the property and pays for it has no notice of an infirmity in the title; and unless there is substantial proof of facts which would put a reasonable man on notice, the subsequent purchaser has the better right.

*McKinney v. Fox*, 305 Ky. 659, 661, 205 S.W.2d 315, 316 (1947) (citation omitted). Thus, the burden of production and persuasion clearly lies with the party challenging the status of a subsequent *bona fide* purchaser.

Through the public record, the Eversoles established that they had purchased the disputed property for value. Consequently, the burden shifted to Muncy -- as holder of an unrecorded instrument -- to demonstrate that the Eversoles had acted with notice of his prior interest. Muncy provided no such evidence. In fact, he presented no evidence whatsoever. Having failed to offer any

-4-

evidence or legal argument of any sort to the circuit court, Muncy's contentions on appeal are unavailing.

We AFFIRM the judgment of the Leslie Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Philip Muncy, *pro se*
Hyden, Kentucky

BRIEF FOR APPELLEE:

Frank C. Medaris, Jr.
Hazard, Kentucky